# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**SWVA, INC.,**
**Employer Below, Petitioner**

**FILED**

February 23, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0839** (BOR Appeal No. 2051912)
(Claim No. 2014030081)

**MICHAEL I. PAYNE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner SWVA, Inc., by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1]

The issue on appeal is permanent partial disability. The claims administrator granted a 3.85% permanent partial disability award for hearing loss on March 15, 2016. The Office of Judges reversed the decision in its March 20, 2017, Order and granted a 6.77% permanent partial disability award. The Order was affirmed by the Board of Review on August 23, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Payne, a laborer, developed hearing loss as a result of occupational noise exposure. A December 19, 2013, employee's and physician's report of occupational hearing loss indicates Mr. Payne was last exposed on July 16, 2012. Audiometric testing was completed by a certified audiologist and showed a four frequency air score of 210 on the right and 185 on the left. Joseph Touma, M.D., completed the physician's section in an attached letter. He adjusted the four frequency air scores to 175 on the right and 160 on the left due to the fact that hearing loss in the range of 250-500 hertz is not noise-induced. He noted that the four frequency pattern was even

---

[1] A response was not filed on behalf of Michael I. Payne.

1

and in a classic downward sloping pattern. Air speech reception threshold at eighty-five decibels was 96% on the left and 80% on the right. Dr. Touma noted that Mr. Payne reported a history of progressive hearing loss, difficulty hearing in crowds, and tinnitus. Dr. Touma diagnosed bilateral sensorineural hearing loss directly related to occupational noise exposure. He found no preexisting condition which could contribute to the high frequency hearing loss. He assessed 6.77% impairment and recommended hearing aids.

Thomas Jung, M.D., otolaryngologist, performed an independent medical evaluation on June 29, 2014. He noted audiometric testing showed a four frequency pattern that was symmetrical and in a classic downward sloping pattern. The scores were 185 on the right and 170 on the left. Mr. Payne had 100% speech discrimination. Dr. Jung opined that Mr. Payne had occupational hearing loss but that he also had nonoccupational factors that contributed to the hearing loss. Mr. Payne was a hunter, used power tools, had a family history of hearing loss, was diabetic, had high cholesterol and smoked cigarettes, all of which can contribute to hearing loss. Dr. Jung used the Department of Labor's Occupational Noise Exposure Standard to adjust the four frequency scores to 138 on the right and 123 on the left. His total recommendation was 3.85% impairment.

On January 28, 2016, David Phillips, M.D., otolaryngologist, performed an independent medical evaluation in which he noted a symmetrical four frequency pattern in a classic downward sloping pattern. The four frequency scores were 195 on the right and 185 on the left. Speech discrimination was 60% on the right and 80% on the left. Dr. Phillips noted a history of exposure to industrial noise and a history of hearing loss for ten to twelve years. Dr. Phillips diagnosed severe sensorineural hearing loss without recovery above 4,000 hertz. Dr. Phillips concluded that nonoccupational factors contributed to the hearing loss. Those factors were hunting, using woodworking tools without hearing protection, a family history of hearing loss, diabetes, and high cholesterol. Also, Mr. Payne's hearing loss had progressed since his date of last exposure. Dr. Phillips found that it was difficult to apportion the current level of hearing loss for nonoccupational and medical factors. He opined that Dr. Jung's adjustment of the four frequency totals using an age-correction is a valid and non-biased way of adjusting the rating for nonoccupational factors. Dr. Phillips agreed with the adjustment technique and the impairment rating of 3.85% because there are other significant issues contributing to the hearing loss.

The claims administrator granted a 3.85% permanent partial disability award on March 15, 2016. The Office of Judges reversed the decision in its March 20, 2017, Order and granted a 6.77% permanent partial disability award. It found that Dr. Touma found 6.77% impairment due to occupational hearing loss, which included 1% for speech discrimination. Dr. Touma factored out low frequency hearing loss, but otherwise did not apportion for non-occupational causes. The Office of Judges found that the evidence submitted indicates Mr. Payne was exposed to occupational noise and was reasonable to assume his hearing loss is entirely due to that exposure. The Office of Judges found Drs. Jung and Phillips also found hearing impairment; however, they apportioned for nonoccupational factors. The Office of Judges concluded that their reports were flawed. First, neither report states Mr. Payne's total hearing loss or the amount of impairment apportioned. Second, the West Virginia workers' compensation guidelines for rating hearing loss does not include standards developed by the Department of Labor. The Office of Judges found

2

that even if age-correction based on a Department of Labor's Occupational Noise Exposure Standard is an acceptable form of apportioning impairment, neither Dr. Jung nor Dr. Phillips specifically mentioned age as the cause of Mr. Payne's alleged nonoccupational hearing loss. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 23, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Touma's report is the most reliable of record as the reports of Drs. Jung and Phillips contain significant errors. Most specifically, they used age-related standards to apportion their impairment findings but did not mention age as a nonoccupational hearing loss factor.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 23, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum

3